Eastern District of Kentucky
FILED

JUN 0 1 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-451-JBC

RHONDA HALL,                                                                                         PLAINTIFF

V.                          **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Rhonda Hall, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the Commissioner's decision, and that based on her application for Disability Insurance Benefits (DIB) filed on January 31, 2002, she was not disabled and was not entitled to benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##4, 5].

By Order of March 8, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On application, plaintiff alleged that she became disabled on August 1, 2001, at age 36, due to back and neck pain, degenerative disc disease, hip and leg pain, stomach problems, skin problems, depression and anxiety. (Exhibit 2E). This application was denied initially and on reconsideration, resulting in two ALJ hearings. On December 23, 2003, ALJ William H. Gitlow found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to disability benefits. (Tr. 14-25).

Plaintiff was born on October 26, 1964, has a high-school equivalent education and has completed a one-year course for training as a beautician. Plaintiff has past work experience (PRW) as a beautician, certified nurse assistant, lab assistant, and medical clerk. (Tr. 15). Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since August 1, 2001; (2) claimant has an impairment or a combination of impairments considered "severe," *viz.*, back, neck, and joint pain, obesity, anxiety and depression; however, claimant's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning her limitations are not totally credible; (4) claimant is unable to perform any of her past relevant work (PRW); (5) claimant has the residual functional capacity (RFC) to perform a range of light work; (6) claimant has no transferable work skills from any PRW; (7) although claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there is a significant number of jobs in the national economy claimant can perform, such as clerical, laundry worker, and inspector (at the light level), and clerical, inspector, and grader/sorter (at the sedentary level); and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, December 23, 2003. (Tr. 14-25).

The Appeals Council declined to review the ALJ's decision; therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to

2

support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends that the ALJ failed to comply with Social Security Ruling ("SSR") 96-6p in that he did not explain the weight given to the opinions of the two, state-agency, non-examining mental reviewers, Edward Ross, Ph.D., and Jane F. Brake, Ph.D. For this reason, plaintiff contends that the ALJ's decision is not supported by substantial evidence, and plaintiff requests an appropriate order from the court.[1]

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, Exhibits 1-F through 25-F, and the transcript of the ALJ hearings.

Plaintiff contends that the ALJ failed to explain the weight given to the medical opinions of Edward Ross, Ph.D., and Jane F. Brake, Ph.D, the two, state-agency, non-examining mental reviewers, in violation of SSR 96-6p. Plaintiff acknowledges that while the ALJ did discuss the foregoing medical opinions, he was required to also explain the weight he gave to these medical opinions.

---

[1] Plaintiff does not specify the type of relief she seeks. She requests neither an award of benefits nor a remand of this action to the Commissioner. Due to this lack of specificity, the Magistrate Judge infers that plaintiff is requesting a remand of this action to the Commissioner for further administrative action.

3

In this case, as noted by the ALJ in his decision, both of the state agency, non-examining mental reviewers found *moderate* limitations in plaintiff's mental abilities. (Tr. 20-21). These non-examining mental reviews were conducted in 2002 (Ross in February of 2002, and Brake in June of 2002). Although the ALJ mentioned the assessments of these mental reviewers, it appears that the ALJ did not place significant weight on the reports of these state agency, non-examining, mental reviewers and instead, chose to rely on and to adopt the report of Phil Pack, M.S., a consultative psychologist who evaluated plaintiff in February of 2003, at the request of her counsel. Concerning the more recent evaluation of plaintiff by Mr. Pack, the ALJ stated:

> . . . I find the evaluation by Mr. Pack to be reasonable and consistent with the weight of evidence (Exhibit 4F and 12F). I adopt his evaluation for the claimant's mental limitations.

Tr. 21-22.

While the ALJ did not expressly reject the opinions of the two, state agency, non-examining, mental reviewers, by adopting the evaluation of Mr. Pack, the ALJ impliedly rejected the opinions of Dr. Ross and Dr. Brake; therefore, any error the ALJ may have committed by not explaining in detail the weight given to the opinions of Dr. Ross and Dr. Brake is harmless error, especially since the ALJ did not rely on their opinions and elected to rely on the opinion of Mr. Pack, who actually examined plaintiff.[2]

The harmless error rule is applicable where the "mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of the decision reached." *U.S. Steel Corp. v. U.S. Environmental Protection Agency*, 595 F.2d 207, 215 (5th Cir. 1979) (quoting *Braniff Airways, Inc. v. C.A.B.*, 379 F.2d 453, 466 (D.C. Cir. 1967)). The test is whether these administrative imperfections are harmful. As noted in *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) "[p]rocedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." The *Mays* court also

---

[2] Generally, more weight it given to the opinion of a medical source who has examined a claimant than to the opinion of a nonexamining source. 20 C.F.R. § 404.1527(d)(1).

4

indicated that "[t]he major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Id.*

In *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535 (6th Cir. 2001), the Sixth Circuit declined to remand a case where an ALJ's error or omission amounted to nothing more than harmless error. *See also, Ward v. Commissioner of Social Security*, 211 F.3d 652 (1st Cir. 2000), wherein the court held that although an error of law by the ALJ in considering a social security claim may necessitate a remand, "a remand is not essential if it will amount to no more than an empty exercise." *Ward*, 211 F.3d at 654. As the Second Circuit held in *Schaal v. Apfel*, 134 F.3d 496, 504 (2nd Cir. 1998), "where application of the correct legal standard could lead to only one conclusion, we need not remand." Thus, technical error alone does not require remand or reversal where the ALJ's findings are consistent with the expert's opinion. *See, Seymore v. Apfel*, 131 F.3d 152 (10th Cir. 1997) (noting that it would have been preferable for the ALJ to discuss the consultant's opinion but reversal was not required where the ALJ stated he had considered all the evidence, and the consultant's opinion was for the most part consistent with the ALJ's decision); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (finding that no principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result).

In this case, the ALJ found that plaintiff's mental impairment (anxiety and depression) should be considered "severe." (Tr. 23, Finding No. 3). The non-examining source reports are not at odds with the mental limitations ultimately found by the ALJ. The opinions of Drs. Ross and Brake do not place limitations on plaintiff that were not already accounted for by the ALJ. In fact, a review of the ALJ's RFC determinations reflects that he found more severe limitations (fair and poor) that those noted by Drs. Ross and Brake. Thus, if the reports of Drs. Ross and Brake are accepted over the report of Mr. Pack, arguably plaintiff would have fewer mental limitations than those found by the ALJ and would arguably be capable of an even wider range of work than that found by the ALJ.

5

Consequently, the Magistrate Judge concludes that the ALJ's error, if any, is no more than harmless error and that remand of this action for further proceedings would not lead to a different result.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that the defendant's motion for summary judgment [DE #5 be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This ___1ST___ day of June, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE